# Lonabaugh *v.* Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Minors—Contributory negligence —Case for jury.*

In an action against a street railway company to recover damages for personal injuries sustained by a child fourteen years of age while crossing the tracks of the defendant company on a dark rainy night, it appeared that plaintiff stopped at the curb line and looked for approaching vehicles and saw none; that she stopped again within two feet of the first track, looked and saw no car; that while crossing the far rail of the double track she was struck by a car going at the rate of 15 miles an hour and which ran 80 feet before stopping; that while the street was straight there was a depression in it which made it uncertain just how far plaintiff could have seen the car; that no bell was rung, and the windows of the car were beaded by rain so that the motorman could not clearly see ahead of him. *Held,* that the case was for the jury.

Argued April 21, 1915. Appeals, Nos. 183 and 184, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 2948, on verdict for plaintiff, in case of Della Lonabaugh, a minor by her next friend and mother Alice Lonabaugh, and Alice Lonabaugh in her own right, v. Pittsburgh Railways Company. Before Brown, C. J., Elkin, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Shafer, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Della Lonabaugh for $3,500, and for Alice Lonabaugh for $1,500 and judgments thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* of *Thomas M. & Rody P. Marshall,* with them *Oliver K. Eaton,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 26, 1915:

This was an action in trespass to recover compensation for personal injuries to a minor, together with consequential damages accruing to her mother; verdicts were rendered in favor of both plaintiffs, upon which judgments were entered, and the defendant has appealed.

Della Lonabaugh, the minor plaintiff, at the time of the accident, October 10, 1911, was twenty-four days less than fourteen years of age; she was injured at about eight o'clock on a dark, rainy, misty evening, while crossing a street in the City of Pittsburgh upon which the defendant company operated a double line of trolley cars. There were trees at the curb line on either side of the highway on which the accident happened. The minor plaintiff testified that she crossed at a point between intersecting streets, that before doing so she stopped at the curb line and looked both ways for approaching vehicles, but not seeing any started over the street, and that, within about two feet of the first track, she glanced again and saw no car; she then continued on her way and was struck when just about to clear the last rail of the second track.

The street was straight, but at a point beyond the place of the accident, in the direction from which the car came, the surface of the highway dipped, so that it cannot be ascertained from the testimony exactly how far away the approach of the car might have been observed by a person of the height of minor plaintiff; it is probable, however, that in daylight, under favorable conditions, it could have been seen by the ordinary person at a distance of at least two hundred feet. One witness said the car was running "very fast"; another, who was

thoroughly qualified to give an estimate, stated that it was going fifteen miles an hour, and there was testimony to show that, after the collision, it ran at least eighty feet before coming to a stop. The headlight was turned on, but no bell was rung or other warning given; the windows in the cab at the front of the car were beaded by the rain, which made it difficult for the motorman to see ahead, and he testified that he did not observe the minor plaintiff until actually upon her. The court below submitted the issues of the defendant's negligence and the minor plaintiff's contributory negligence to the jury, in a charge which is not complained of; but the defendant contends that the evidence was insufficient to sustain the jury's findings, and, therefore, the trial judge should have instructed in its favor, particularly on the issue of the child's alleged contributory negligence.

After a careful review of all the evidence, we are not convinced of error. While the injured girl was nearly fourteen years of age at the time of the accident, and the evidence indicates at least ordinary intelligence for her years, still, on the facts at bar, whether or not this child took due care under the circumstances was a question for the jury to decide; and we cannot say as a matter of law that the defendant's motorman was free from negligence when he operated his car down grade at the rate of fifteen miles an hour, on a dark, rainy night, with his view obstructed by windows beaded with rain, giving no notice of the car's approach. When the evidence is considered as a whole, it is plain the issues were properly submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.